**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| RANDOLPH THOMPSON, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-238 |
| v. | |
| THE CRACKER BARREL OLD COUNTRY STORE, INC.; and CB PORTFOLIO OWNER, LLC, | |
| Defendants. | |

**O R D E R**

Before the Court is Defendants' Amended Notice of Removal.  (Doc. 37.)  Defendants filed this Amended Notice in an attempt—at the Court's direction, (see doc. 36)—to cure jurisdictional insufficiencies in the Notice of Removal.  (Doc. 1.)  In the Amended Notice, Defendants attempt to demonstrate that the parties were completely diverse at the time of removal, and, thus, the Court has jurisdiction over this case.  (Doc. 37.)  For the below reasons, the Court finds the Amended Notice insufficient and **DIRECTS** Defendants to further supplement their Amended Notice concerning the citizenship of CB Portfolio Owner, LLC, in order to demonstrate that complete diversity exists, or face remand of this action.

In the Amended Notice of Removal, Defendants clarify that none of the individuals whom Defendants listed on their initial Disclosure Statement are members of CB Portfolio Owner, LLC. (Id. at p. 1.)  Defendants state that "the sole member of CB Portfolio Owner, LLC is OT CB I Owner LLC, a limited liability corporation registered in the State of Delaware."  (Id.)  Defendants

state that the sole member of OT CB I Owner LLC is Oak Trust Sub-REIT II, LLC, which is registered in the State of Delaware.  (Id.)  While Defendants state that Oak Trust Sub-REIT II, LLC "operates as a subsidiary of Blue Owl Real Estate Net Lease Trust which is registered as a statutory trust in the State of Maryland with its operational headquarters and principal place of business in Chicago, Illinois," Defendants do not provide any information as to the members of Oak Trust Sub-REIT II, LLC.  (Id. at pp. 1–2.)

When federal jurisdiction is based on diversity of citizenship, the party seeking to invoke the Court's jurisdiction has the burden of establishing that jurisdiction exists and thus "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant."  Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013); Wylie v. Red Bull N. Am., Inc., 627 F. App'x 755, 757 (11th Cir. 2015).  While state of incorporation and principal place of business establish citizenship for corporations, the Eleventh Circuit Court of Appeals has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, to establish that complete diversity provides the Court with subject matter jurisdiction over this matter, Defendants must "list the citizenships of all the members" of CB Portfolio Owner, LLC, id., and "when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court," Purchasing Power, LLC v. Bluestem Brands, Inc., No. 1:12-cv-258-WSD, 2015 WL 73980, at *5 (N.D. Ga. Jan. 6, 2015) (quotation omitted).  Thus, if a member of an LLC is itself an LLC, the citizenship of the LLC "must be traced through however many layers

2

of partners or members there may be." Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC, 349 F. Supp. 3d 1316, 1324 (S.D. Fla 2018) (internal quotations and citation omitted). Accordingly, Defendants must also list the citizenship of Oak Trust Sub-REIT II, LLC—and, if necessary—the citizenship of any members of Oak Trust Sub-REIT II, LLC's members "through however many layers of partners or members there may be."[1] Id.

While Defendants state that, "[t]o the best of [their] knowledge and belief, no member of CB Portfolio Owner, LLC is a citizen of the state of Georgia," (doc. 37, p. 2), "[a] negative allegation of citizenship—i.e., that no members of the LLC . . . are citizens of a particular state— is insufficient." Doc Watson Enters., LLC v. LexisNexis Claims Sols., Inc., No. 1:17-cv-2421-AT, 2017 WL 11627763, at *1 (N.D. Ga. Oct. 4, 2017) (citing Purchasing Power, LLC, 2015 WL 73980, at *5).

Defendants' Amended Notice of Removal is insufficient to carry their burden of demonstrating the citizenship of the parties. Therefore, the Court remains unable to confirm that Defendant CB Portfolio Owner, LLC, is not a citizen of the same state as Plaintiff. Accordingly, the Court **DIRECTS** Defendants to file a second amended Notice of Removal within **FOURTEEN (14) DAYS** of the date of this Order listing all members of CB Portfolio Owner, LLC, and the citizenship of each member, and the citizenship of any members of members, as

---

[1] Moreover, because citizenship is determined differently for business trusts and statutory trusts as opposed to traditional trusts, if Blue Owl Real Estate Net Lease Trust is a member of Oak Trust Sub-REIT II, LLC, the Court requires more information to determine the citizenship of Blue Owl Real Estate Net Lease Trust. See Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 382–83 (2016) (Because Maryland law treated real estate investment trusts as separate legal entities that could sue and be sued, the Supreme Court determined that the trust was an unincorporated entity which possessed the citizenship of all of its members, rather than a "traditional trust."); see also Am. Grand Court Lakes LLC v. Rockhill Ins. Co., No. 20-13954-GG, 2022 U.S. App. LEXIS 16336, at *2 (11th Cir. June 13, 2022).

explained in this Order.  <u>See</u> <u>Purchasing Power, LLC</u>, 2015 WL 73980, at *5.  Failure to do so will result in remand of this case for lack of subject matter jurisdiction.

**SO ORDERED**, this 4th day of August, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4